Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ADEAN HILL, JR., individually, and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>ACCENDO INSURANCE COMPANY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:26-cv-00248-ALM<br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

1. Plaintiff ADEAN HILL, JR. ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against ACCENDO INSURANCE COMPANY ("Accendo" or "Defendant") to stop placing calls that play artificial or prerecorded voice messages to consumers and to obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

2. Defendant Accendo sells final expense insurance. As a part of its marketing efforts, Accendo placed telemarketing phone calls that played an artificial or prerecorded voice message.

3. In 2013, the FCC required prior express written consent for all prerecorded voice telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of

> the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted) ("the FCC Letter").

4. Defendant did not obtain prior express written consent and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls in response to complaints about increased telemarketing. See S. Rep. 102-178, at 1, 5 (1991).

6. Congress enacted the TCPA in 1991 to restrict telemarketing equipment that could target millions of consumers en masse. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991).

7. By placing the calls at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop its illegal calling campaigns, as well as an award of statutory damages to Plaintiff and Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff ADEAN HILL is a natural person and is a citizen of the Eastern District of Texas.

10. Defendant Accendo Insurance Company is a company organized and existing under the state of Utah.

11. Accendo's registered agent is CT Corporation System, 1108 South Union Ave., Midvale, Utah, 84047.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has specific personal jurisdiction over Defendant because Defendant conducted telemarketing to Plaintiff, who resides in this District. Defendant's marketing towards residents of Texas is the subject of this dispute from which this lawsuit arises.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct giving rise to this case substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendant sells final expense insurance.

16. Defendant placed phone calls using artificial or prerecorded voice messages to promote its services.

17. Defendant did not obtain prior express written consent from Plaintiff and the Class.

18. On October 1, 2025, Plaintiff received phone calls from Defendant on Plaintiff's cell phone number ending in 8539.

19. When Plaintiff answered the phone, Plaintiff heard an artificial or prerecorded voice advertising final expense insurance plans.

20. The message said:

*Hello. Hi there, my name is Sarah. I'm a senior program coordinator with the Final Expense Support Team. How's your day going? This call is about a final expense program that helps cover funeral and burial costs...etc*

21. On January 22, 2026, Plaintiff received another artificial or prerecorded voice call that played a very similar prerecorded voice to the previous call.

22. Plaintiff responded to the message and was connected to a representative of Defendant.

23. Defendant's representative confirmed on the phone the identity of Defendant.

24. Within days of each of the prerecorded voice calls described above, Defendant Accendo Insurance Company issued a life insurance policy in Plaintiff's name. Each such policy expressly identifies Accendo Insurance Company as the issuing carrier on its face and identifies "Adean Hill" as the Insured.

25. On October 6, 2025—five days after the October 1, 2025 prerecorded voice call described above—Defendant issued Policy No. ACC7094244 (Form No. ICC20-ACCLBL20) to Plaintiff. Policy No. ACC7094244 is a Level Whole Life Insurance Policy with a face amount of $24,000.00 and a Total Annual Premium of $745.60. Its Policy Effective Date is October 15, 2025. A true and correct copy of the first page of Policy No. ACC7094244 is attached hereto as Exhibit A.

26. On January 25, 2026—three days after the January 22, 2026 prerecorded voice call described above—Defendant issued a second policy, Policy No. ACC7147274 (Form No. ICC20-ACCLBL20), to Plaintiff. Policy No. ACC7147274 is also a Level Whole Life Insurance Policy, with a face amount of $10,000.00 and a Total Annual Premium of $334.00. Its Policy Effective Date is February 1, 2026. A true and correct copy of the first page of Policy No. ACC7147274 is attached hereto as Exhibit B.

27. Both policies bear the same Defendant policy form, ICC20-ACCLBL20. Each policy recites on its face: "This policy is a legal contract between the Owner and Accendo Insurance Company." Each policy identifies Defendant as a stock company domiciled in West Valley City, Utah, with an Administrative Office at 1021 Reams Fleming Boulevard, Franklin, Tennessee 37064, and a correspondence address at P.O. Box 14770, Lexington, Kentucky 40512-4770.

28. On information and belief, each of the prerecorded voice calls placed to Plaintiff was made by, on behalf of, or for the benefit of Defendant Accendo Insurance Company in connection with marketing the Accendo final expense insurance products that Defendant ultimately issued to Plaintiff.

29. On information and belief, Defendant placed the calls itself or, alternatively, authorized, directed, ratified, controlled, supervised, or otherwise knowingly benefited from the placement of the calls by one or more lead generators, telemarketing vendors, and/or appointed insurance agents acting within the scope of their actual or apparent authority on Defendant's behalf.

30. The close temporal proximity between each call and Defendant's issuance of an Accendo policy in Plaintiff's name (five days and three days, respectively), the use of a single Accendo policy form (ICC20-ACCLBL20), and Defendant's acceptance and issuance of the policies arising out of the conduct initiated by the calls, demonstrate that the calls were placed within the scope of an agency relationship for which Defendant is legally responsible, and were further ratified by Defendant.

31. Plaintiff never provided prior express written consent.

32. In addition to causing statutory damages, these illegal calls caused annoyance, intrusion on privacy and seclusion, and wasted Plaintiff's time.

## CLASS ALLEGATIONS

33. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or 23(b)(3) on behalf of Plaintiff and a class and subclass defined as follows:

> **TCPA Class**. All persons in the United States who: (1) within 4 years prior to the filing of the Complaint (2) Defendant initiated at least one telephone call; (3) that played an artificial or prerecorded voice.
>
> **Texas Class**. All persons residing in Texas who (1) within 4 years prior to the filing of the Complaint (2) Defendant initiated at least one telephone call; (3) that played an artificial or prerecorded voice.
>
> **Texas Telemarketing Registration Class**. All persons residing in Texas who (1) from the last 4 years to the filing of the Complaint (2) received at

least one telephone call (3) while Defendant was not registered as a Texas Telemarketer.

34. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

36. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

38. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i. Whether Defendant placed calls to Plaintiff and the class;

ii. Whether the calls played an artificial or prerecorded voice;

iii. Whether Defendant maintains a Texas Telemarketing Registration Certificate;

iv. Whether Defendant obtained prior express written consent;

v. Whether Defendant's conduct was *willful* and/or *knowing*;

vi. Whether the Court should treble damages based on the knowingness or willfulness of Defendant's conduct.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually

impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
Violation of 47 U.S.C. § 227(b)
Telephone Consumer Protection Act
(On behalf of Plaintiff and the TCPA Class)

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. Defendant placed telephone calls that played an artificial or prerecorded voice to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

43. Defendant repeatedly invaded Plaintiff's and the Class's personal privacy in violation of 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and the Class seek $500 for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

45. Defendant made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff requests that the court treble the award from $500 to $1,500 per violation under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

**SECOND CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 305.053
Texas State TCPA Law
**(On behalf of Plaintiff and the Texas Class)**

47. Texas Bus. & Com. Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a).

48. Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).

49. Plaintiff is entitled to an award of at least $500 in damages for each such violation under § 305.053(b)(1).

50. Plaintiff also requests the Court award treble damages based on Defendant's knowing and/or intentional violations under § 305.053(c)(1).

51. Plaintiff also seeks a permanent injunction requiring Defendant to stop placing illegal telemarketing calls.

**THIRD CAUSE OF ACTION**
Violation of Texas Bus. & Com. Code § 302.101
Failure to Obtain Texas Registration Certificate
**(On behalf of Plaintiff and the Texas Class)**

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Texas Bus. & Com. Code § 302.101 requires telemarketers to obtain a registration certificate ... for the business location from which the solicitation is made.

54. Texas Bus. & Com. Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the

[person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

55. Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50.

56. Defendant Accendo made, or caused to be made, "telephone solicitations" within the meaning of Tex. Bus. & Com. Code § 302.001 to Plaintiff and members of the Texas Class who reside in Texas, including the prerecorded voice telephone calls described above placed to Plaintiff's Texas telephone number.

57. On information and belief, at the time Defendant made or caused to be made the telephone solicitations described above, Defendant did not hold a registration certificate issued by the Texas Secretary of State for the business location from which the telephone solicitations were made, as required by Tex. Bus. & Com. Code § 302.101.

58. Defendant does not qualify for any exemption set forth in Tex. Bus. & Com. Code § 302.053, and any such exemption is an affirmative defense as to which Defendant bears the burden of pleading and proof. On information and belief, Defendant does not satisfy the criteria of any subsection of § 302.053, including the criteria of § 302.053(2), because, among other reasons, the telephone solicitations giving rise to this action were placed by or through one or more lead generators, telemarketing vendors, and/or independent agents whose conduct falls outside the scope of any subsidiary exemption and whose telemarketing activities are not themselves subject to oversight under the Securities Exchange Act of 1934.

59. Plaintiff has Article III standing to assert this claim. Defendant's failure to register, and its placement (directly or vicariously) of telephone solicitations to Plaintiff in violation of § 302.101, caused Plaintiff concrete and particularized injuries that bear a close relationship to harms traditionally recognized as providing a basis for suit in American courts, including invasion of privacy, intrusion upon seclusion, and the receipt of unwanted commercial communications and unwanted commercial transactions. Those

injuries include, without limitation, (a) the receipt of unwanted prerecorded voice telephone calls that invaded Plaintiff's personal privacy and seclusion; (b) the use of Plaintiff's telephone resources without consent; (c) the loss of the structural protections that Texas law affords to consumers against unregistered telephone solicitors; and (d) the issuance of unwanted Accendo insurance policies in Plaintiff's name following the unlawful telephone solicitations.

60. Plaintiff and the class seek an award of $5,000 per violation.

61. Plaintiff seeks a permanent injunction requiring Defendant to cease placing telemarketing calls to residents of Texas without a registration certificate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ADEAN HILL, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate Section 227(b) of the TCPA;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 305.053;

E. An order declaring that Defendant's actions, as set out above, violate Texas Bus. & Com. Code § 302.101;

F. An order awarding $5,000 per violation under Texas Bus. & Com. Code § 302.101.

G. An order awarding treble damages to $1,500 per violation under 47 U.S.C. § 227(b)(3) and § 305.053(c)(1);

H. An injunction requiring Defendant to cease all unlawful calls and otherwise protecting interests of the Class;

I. An award of damages and costs;

J. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 14, 2026

Respectfully submitted,

**JAVITCH LAW OFFICE**

By: /s/ Mark L. Javitch
Mark L. Javitch, Esq. (CA 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
Email: mark@javitchlawoffice.com

Attorney for Plaintiff
*and the Putative Class*

**CERTIFICATE OF SERVICE**

On the date stated below, I filed this document electronically with the United States District Court for the Eastern District of Texas CM/ECF system.

Notification was therefore automatically sent through the CM/ECF system to:

- United States District Court for the Eastern District of Texas

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date stated below in San Mateo County, California.

Date: May 14, 2026

By: /s/ Mark L. Javitch
Mark L. Javitch

# EXHIBIT A

**Accendo Insurance Company**

A STOCK COMPANY

**West Valley City, Utah**
Administrative Office
1021 Reams Fleming Boulevard
Franklin, Tennessee 37064
1-866-951-0653

We will pay the Beneficiary the death proceeds as defined in this policy. Payment will not be made until all of the following have been received at the administrative office:

- due proof that the Insured died while this policy was in force in the form of a certified copy of the death certificate of the Insured or other lawful evidence providing equivalent information.
- proof of the claimant's interest in the proceeds.

Any payment is subject to the provisions on this page and on the following pages.

The consideration for this policy is the application and payment of the initial total premium on or before policy delivery.

**RIGHT TO CANCEL**

**The Owner may return this policy within 30 days after its delivery by taking it or mailing it to the Company or to the agent through whom it was purchased. Immediately upon delivery or mailing, this policy will be deemed void from the beginning. Any premium paid will be returned.**

Contact Accendo Insurance Company at:
P.O. Box 14770, Lexington, KY 40512-4770
1-866-951-0653

Signed by the company at its administrative office at 1021 Reams Fleming Boulevard, Franklin, Tennessee 37064 on the Date of Issue.

President

Secretary

**LEVEL WHOLE LIFE INSURANCE POLICY**
**Death Proceeds Payable at Death**
**Premiums Payable during Insured's Lifetime**
**Nonparticipating – No Dividends**

| | | | |
|---|---|---|---|
| **Insured** | ADEAN HILL | ACC7094244 | **Policy Number** |
| **Face Amount** | $ 24,000 | 10/15/2025 | **Policy Effective Date** |
| **Total Annual Premium** | $ 745.60 | 10/06/2025 | **Date of Issue** |

This policy is a legal contract between the Owner and Accendo Insurance Company.

READ YOUR POLICY CAREFULLY.

ICC20-ACCLBL20 1

# EXHIBIT B

**Accendo Insurance Company**

A STOCK COMPANY

**West Valley City, Utah**
Administrative Office
1021 Reams Fleming Boulevard
Franklin, Tennessee 37064
1-866-951-0653

We will pay the Beneficiary the death proceeds as defined in this policy. Payment will not be made until all of the following have been received at the administrative office:

- due proof that the Insured died while this policy was in force in the form of a certified copy of the death certificate of the Insured or other lawful evidence providing equivalent information.
- proof of the claimant's interest in the proceeds.

Any payment is subject to the provisions on this page and on the following pages.

The consideration for this policy is the application and payment of the initial total premium on or before policy delivery.

**RIGHT TO CANCEL**

**The Owner may return this policy within 30 days after its delivery by taking it or mailing it to the Company or to the agent through whom it was purchased. Immediately upon delivery or mailing, this policy will be deemed void from the beginning. Any premium paid will be returned.**

Contact Accendo Insurance Company at:
P.O. Box 14770, Lexington, KY 40512-4770
1-866-951-0653

Signed by the company at its administrative office at 1021 Reams Fleming Boulevard, Franklin, Tennessee 37064 on the Date of Issue.

President

Secretary

**LEVEL WHOLE LIFE INSURANCE POLICY**
**Death Proceeds Payable at Death**
**Premiums Payable during Insured's Lifetime**
**Nonparticipating – No Dividends**

| | | | |
|---|---|---|---|
| **Insured** | ADEAN HILL | ACC7147274 | **Policy Number** |
| **Face Amount** | $ 10,000 | 02/01/2026 | **Policy Effective Date** |
| **Total Annual Premium** | $ 334.00 | 01/25/2026 | **Date of Issue** |

This policy is a legal contract between the Owner and Accendo Insurance Company.

READ YOUR POLICY CAREFULLY.

ICC20-ACCLBL20 1